IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
GALVESTON DIVISION

| | |
|---|---|
| GCM H/M UNDERWRITING POOL 2022 COMPANIES AND INTERESTS (ATLANTIC SPECIALTY INSURANCE COMPANY, MARKEL AMERICAN INSURANCE COMPANY, PROCENTURY INSURANCE COMPANY, and MITSUI SUMITOMO INS. CO. OF AMERICA)<br><br>*Plaintiff*,<br><br>v.<br><br>EAGLE E&R, LLC, MICHAEL SANCHEZ, RICHARD PERRY AND CHARLES SIMMONS<br><br>*Defendants*. | Civil Action No. 3:23-cv-103<br><br>IN ADMIRALTY – FRCP 9(h) |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, GCM H/M Underwriting Pool 2022 Companies and Interests consisting of Atlantic Specialty Insurance Company, Markel American Insurance Company, ProCentury Insurance Company, and Mitsui Sumitomo Ins. Co. of America, the insurers subscribing to Policy No. GCP 22550 (hereinafter collectively "Hull Insurers"), seeking a judgment declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants Eagle E&R, LLC, Michael Sanchez, Richard Perry, Charles Simmons and any other assureds ("Eagle E&R") are not entitled to coverage under Policy No. GCP 22550 and are not entitled to recover certain losses, damages and expenses, allege as follows.

281347188v.2

## I.  NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*. Hull Insurers ask the Court to adjudicate and determine the rights of the Parties to a contract of marine insurance that is in dispute, and further seeks a declaration that Hull Insurers have no duty to indemnify the assureds Eagle E&R for the damage caused by the partial sinking of the 2008 Dredge "Edward G" (USCG Doc. No. 1210556 ("the Dredge")). A copy of Marine Insurance Policy No. GCP 22550 ("the Policy") is attached and incorporated by reference as Exhibit "A" (with premium amounts redacted).

## II.  THE PARTIES

2. Hull Insurers, GCM H/M Underwriting Pool 2022 Companies and Interests is an underwriting pool consisting of Atlantic Specialty Insurance Company, Markel American Insurance Company, ProCentury Insurance Company, and Mitsui Sumitomo Ins. Co. of America. Hull Insurers are insurance corporations which were created pursuant to the laws of one or more states of the United States and form the GCM H/M Underwriting Pool 2022 Companies and Interests.

3. Eagle E&R, LLC is a foreign limited liability company organized under the laws of the State of Alabama with its principal place of business in Alabama. The Texas Secretary of State forfeited the charter, certificate, or registration of Eagle E&R, LLC on or about February 28, 2020 pursuant to Section 171.309 of the Texas Tax Code. The registered agent for service of process of Eagle E&R, LLC is an individual named Michael Sanchez and he can be served at 2 Oakleigh Blvd., Beaumont, Texas 77706 or wherever he may be found. Summons is requested.

281347188v.2

4.     Michael Sanchez is an individual who, upon information and belief, is a resident and citizen of Beaumont, Texas. He can be served at 2 Oakleigh Blvd., Beaumont, Texas 77706 or wherever he may be found. Summons is requested.

5.     Richard Perry is an individual who, upon information and belief, is a resident and citizen of Mobile, Alabama. He can be served at 650 Clinic Dr., Building III, Suite 2900G, Mobile Alabama 36608 or wherever he may be found.

6.     Charles Simmons is an individual who, upon information and belief, is a resident and citizen of Mobile, Alabama. He can be served at 650 Clinic Dr., Building III, Suite 2900G, Mobile Alabama 36608 or wherever he may be found.

### III.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

8.     An actual justiciable controversy between Hull Insurers and Eagle E&R exists within the meaning of 28 U.S.C. § 2201 *et seq.* concerning whether Hull Insurers have a duty to indemnity Eagle E&R under the Policy with respect to the alleged sinking of the Dredge, as more particularly described below.

9.     This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Dredge is located in this judicial district at the Peninsula Marine, Inc. facility in Anahuac, Texas.

### IV.     FACTUAL BACKGROUND

11.    The managing general agent of GCM H/M Underwriting Pool 2022 Companies and Interests is Gulf Coast Marine, LLC ("Gulf Coast Marine"). In June 2022, Gulf Coast Marine

inquired with Eagle E&R's insurance agent ("Agent") about whether Eagle E&R wanted to renew a marine insurance policy for the Dredge. The Agent forwarded Gulf Coast Marine an email from the assured's representative stating that the Dredge had not been used since November 2021 and has been safe harbor docked since then and asking if the Dredge could be put on Port Risk.

12.     A Gulf Coast Marine representative replied and wrote that the Dredge could be put on Port Risk and asked the Agent to have the assured advise if any work was anticipated and what the business plan was going forward, so that Gulf Coast Marine could market the renewal. The Agent responded and wrote that the Dredge was laid up in Sabine Pass and would remain laid up until further notice. In August 2022, the Agent request Hull/Protection & Indemnity ("P&I") coverage for the Dredge, but not any crew, and submitted an application.

13.     Gulf Coast Marine representatives requested the Agent specify the mooring address and whether it was laid up on land or in water. The Agent responded and wrote that the Dredge was tied up in a slip in the interior of the port next to the lay down yard at 8010 S. 1st Ave, Sabine Pass, Texas 77655. The Agent later wrote that the Dredge was tied up at the dock and hooked to shore power.

14.     Gulf Coast Marine then quoted the policy terms on behalf of the Hull Insurers. The quoted terms included, among others: "Port Risk H/M," "[w]arranted tied to the dock," and "[w]arranted attached to shore power." The Agent gave the order to bind on or about August 25, 2022

15.     On or about August 26, 2022, Hull Insurers issued marine Policy No. GCP 22550 effective August 26, 2022 to August 26, 2023, naming Eagle E&R, LLC, Sanchez, Petty, Simmons, and others as assureds. Under the terms and conditions of the policy, Hull Insurers provided, among other coverages, Port Risk marine hull and machinery insurance.

281347188v.2

16.     The Schedule of Vessels in the General Conditions Applicable to All Sections of the Policy identifies the coverage as "Port Risk."

17.     The "Navigation Limits" in the General Conditions Applicable to All Sections of the Policy states "[w]arranted tied to the dock and warranted attached to shore power."

18.     Additionally, the "Special Wording" provision of the "Section HM – Hull and Machinery" part of the Policy state in relevant part, "Warranted tied to the dock" and "Warranted attached to shore power."

19.     On or about November 26, 2022, the Agent informed Gulf Coast Marine that the Dredge sank due to weather and waves over the prior two days and provided notice of a claim.

20.     On behalf of Hull Insurers, Gulf Coast Marine conducted an investigation and discovered that the Dredge had not been laid up as represented, but instead had been actively operating as a dredge pursuant to a Dredge Services Agreement allegedly entered into in early October 2022. Gulf Coast Marine also discovered that the Dredge was not attached to shore power and appeared to not be tied to the dock. Further, the Dredge had been moved from a slip and sank near a bulkhead.

## V.     DECLARATORY JUDGMENT

*Count I—Breach of Warranty*

21.     Hull Insurers hereby adopt and incorporate by reference the allegations set forth in the preceding paragraphs 1-20 as if fully set forth herein.

22.     The Schedule of Vessels in the General Conditions Applicable to All Sections of the Policy identifies the coverage as "Port Risk."

23.     The "Navigation Limits" in the General Conditions Applicable to All Sections of the Policy states "[w]arranted tied to the dock and warranted attached to shore power."

24. Additionally, the "Special Wording" provision of the "Section HM – Hull and Machinery" part of the Policy state in relevant part, "Warranted tied to the dock" and "Warranted attached to shore power."

25. Eagle E&R breached these warranties. Each of these breaches of warranty voids the Policy *ab initio* in accordance with its terms or otherwise requires that the Policy provide no coverage.

26. Alternatively, breach of the foregoing express warranties suspended coverage upon the breach, prior to the sinking of the Dredge, and therefore there is no coverage for the loss under federal admiralty law.

### *Count II—Uberrimae Fidei*

27. Hull Insurers hereby adopt and incorporate by reference the allegations set forth in the preceding paragraphs 1-27 as if fully set forth herein.

28. Under the general maritime law of the United States, an assured under a marine insurance policy owes a duty of utmost good faith to the assurer of a vessel. This duty is called *uberrimae fidei*.

29. The Policy is void or otherwise provides no coverage under the doctrine of *uberrimae fidei* because of Eagle E&R's aforementioned misrepresentations, non-disclosures and concealments.

## VI.   REQUEST FOR RELIEF

30. Hull Insurers hereby adopt and incorporate by reference the allegations set forth in the preceding paragraphs 1-29 as if fully set forth herein.

31. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Hull Insurers request that the Court enter judgment in favor of Hull Insurers and against Defendants, declaring the following:

    a. the Policy provides no coverage related to the sinking of the Dredge due to the breaches of the warranties discussed herein;

    b. the Policy provides no coverage related to the sinking of the Dredge due to the breach of the Port Risk nature of the policy;

    c. the Policy provides no coverage related to the sinking of the Dredge due to the breach of the entrenched federal maritime doctrine of *uberrimae fidei*; and

    d. the Policy is void and is rescinded/annulled *ab initio* by virtue of the forgoing.

32. Hull Insurers respectfully request all such other and additional relief, at law, in equity or in admiralty that the Court deems appropriate.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Ronald L. White*
Ronald L. White
Texas Bar No. 21328300
Fed. Bar No. 234
Ronald.White@wilsonelser.com
Ethan D. Carlyle
State Bar No. 24031794
Fed. Bar No. 30741
ethan.carlyle@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
Tel: 713-353-2000
Fax: 713-786-7780

**ATTORNEYS FOR PLAINTIFF GCM H/M UNDERWRITING POOL 2022 COMPANIES AND INTERESTS (ATLANTIC SPECIALTY INSURANCE COMPANY, MARKEL AMERICAN INSURANCE COMPANY, PROCENTURY INSURANCE COMPANY, and MITSUI SUMITOMO INS. CO. OF AMERICA)**